UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANDELL HICKMAN,

                  Plaintiff,

         -against-

ELLEN BIBEN JUDGE; ALONSO MARISOL
MARTINEZ JUDGE; TRINA OTHA COURT
REPORTER; SHANNA RUSSO COURT
REPORTER

                 Defendants.

24-CV-2731 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Otis Bantum Correctional Center on Rikers Island, brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for damages against two state court judges and two court reporters. By order dated May 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are drawn from the complaint. Plaintiff Quandell Hickman is a pretrial detainee who alleges that he is "illegally detained." (ECF 1 at 3.) His claims arose in February and March 2024, in the courthouse at 100 Center Street in Manhattan. Judges Ellen Biben and Alonso Martinez allegedly "further[ed] corruption to cover for Judge Angelo Badamo." (*Id.* at 4.)

Judge Martinez allowed Plaintiff's lawyer "to resign from [Plaintiff's] case" and allowed the Assistant District Attorney (ADA) to make a verbal application with "confidential information" provided by Plaintiff's attorney. (*Id.*) As a result, Plaintiff's *pro se* motions were "pushed . . . to the side." (*Id.*) Moreover, Judge Biben agreed with Plaintiff on the record that he had been "detained illegally" and that the "730 report was done illegal[ly]." (*Id.*) Judge Biben then decided to "throw out Judge Badamo['s] rulings and hold [Plaintiff] on the verbal application made by ADA McDonnell," because Plaintiff's "lawyer [had] reserved rights to respond" to that application. (*Id.* at 4-5.) Judge Biben, however, did not address Plaintiff's motion "and said Judge Alonso [Martinez] would handle it." (*Id.* at 5.) Thereafter, Judge Martinez "ke[pt] pushing [Plaintiff's] motions to the side, buying the People more time . . . ." (*Id.*)

Plaintiff sues Judges Biben and Martinez, as well as two court reporters who are not mentioned in the facts section of the complaint. Plaintiff seeks $1 billion in damages and to have

all of the defendants "disbarred, fired, jailed and prosecuted." (*Id.*) Plaintiff also seeks

"immediate release" and to have the charges against him "thrown out . . .and dismissed." (*Id.*)

## DISCUSSION

### A.    Judicial immunity

Judges are absolutely immune from suit for damages for any actions taken within the

scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts

arising out of, or related to, individual cases before the judge are considered judicial in nature."

*Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d

47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial

capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of

jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions

that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly

where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judges Biben and Martinez acted outside of

their judicial capacities or that they engaged in actions for which they lacked jurisdiction. *See*

*Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judges Biben and Martinez for "acts arising

out of, or related to, individual cases" before them, they are immune from suit for such claims.

*Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judges Biben

and Martinez because they seek monetary relief against a defendant who is immune from such

relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C.

§ 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed

on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

## B.     Claims against Court Reporters

Plaintiff names Court Reporters Otha and Russo as defendants, but he does not mention them in the body of the complaint or plead any facts about what either defendant personally did or failed to do that allegedly violated his rights. Even if Plaintiff had alleged some wrongdoing, generally "court reporters are shielded from suit for civil damages as long as their conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015). For example, courts have held that there is no constitutional right to a perfect transcript. *See Curro v. Watson,* 884 F. Supp. 708, 720–23 (E.D.N.Y.1995) (holding that there is no clearly established right to an absolutely accurate transcript), *aff'd,* 100 F.3d 942 (2d Cir.1996); *Burrell v. Swartz*, 558 F. Supp. 91, 92 (S.D.N.Y.1983) ("No constitutional or federal statutory right exists to an absolutely accurate trial transcript."). Plaintiff has not articulated anything that the court reporters did or failed to do that violated his rights, and he cannot assert a claim under Section 1983 based on any alleged errors in the transcripts of his state court proceedings. The Court therefore dismisses Plaintiff's Section 1983 claims against Court Reporters Otha and Russo for failure to state a claim on which relief can be granted.

## C.     Claims seeking release and dismissal of criminal charges

In his prayer for relief, Plaintiff seeks release from incarceration and dismissal of the charges against him. A civil rights action, however, is not the proper vehicle for seeking release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that a petition for a writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his

confinement). Moreover, state courts must be given the first opportunity to review the constitutional errors that a petitioner wishes to raise in federal court in a petition for a writ of *habeas corpus*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Thus, before bringing constitutional claims in federal court in a *habeas corpus* petition, a petitioner must present his claims to the state court for review. The relief that Plaintiff seeks is unavailable in this civil rights action, and the Court declines to recharacterize Plaintiff's claims as a petition for a writ of *habeas corpus* because he has not articulated any basis for his release from custody or for dismissal of his pending state criminal charges and makes no allegations that he presented such claims in state court. The Court therefore dismisses Plaintiff's Section 1983 claims seeking release from custody, without prejudice to his raising them in a petition for a writ of *habeas corpus*.

**D.    Prosecuting criminal charges against Defendants**

Plaintiff cannot prosecute criminal charges against defendants for their conduct in connection with his criminal proceedings, among other reasons, because the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman,* 454 U.S. 83, 87 (1981). Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore denies Plaintiff's request for relief asking that defendants be criminally prosecuted and jailed.

**E.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    May 28, 2024
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge